UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXIS TEMPLETON, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|   vs. | )   Case No. 4:14-CV-2019 (CEJ) |
| | ) |
| SAM DOTSON, Chief of Police, City of St. Louis, et al., | ) |
| | ) |
|     Defendants. | ) |

## **TEMPORARY RESTRAINING ORDER**

This matter is before the Court following a hearing on the plaintiffs' motion for a temporary restraining order.  Plaintiffs Alexis Templeton, Maureen Costello, Brittany Ferrell, Steven Hoffman, Nile McClain, and Kira Hudson Banks seek a temporary restraining order directing law enforcement officials to protect the First Amendment rights of protesters.  Since November 24, 2014, plaintiffs have participated in or observed protest activities that have occurred in various locations in St. Louis city and St. Louis County.  The protests began in August 2014, initially in response to the shooting death of Michael Brown by a Ferguson, Missouri police officer, and have continued since that time.  The protests were at first centered in the Ferguson area where the shooting occurred but later expanded into other areas, particularly after it was announced on November 24, 2014 that a state grand jury had declined to indict the officer.  The defendants are the chief of police of the St. Louis Metropolitan Police Department, the chief of police of the St. Louis County Police Department, and a captain of the Missouri Highway Patrol.  The defendants are sued in their official capacities as members of the Unified Command, an organization created by the executive order issued by the governor declaring a state of emergency in Missouri

following the death of Michael Brown. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331, in that the plaintiffs assert a claim under 42 U.S.C. § 1983, alleging violation of their rights under the First Amendment to the United States Constitution.  Notice of the complaint and motion was given to the defendants, each of whom appeared by counsel at the hearing.

In determining whether to issue a temporary restraining order, the Court must consider the factors set forth in Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981): (1) the threat of irreparable harm to the plaintiffs if the order is not issued, (2) the balance between this harm and the injury that granting the restraining order will inflict on the defendants, (3) the probability of the plaintiffs' success on the merits, and (4) the public interest.  After considering these factors, the Court concludes that the plaintiffs have established their entitlement to a temporary order.

The evidence establishes that the defendants created policies and procedures for the law enforcement response to the protests, including authorizing the use of tear gas and other chemical agents for the purpose of dispersing crowds of protesters.  The evidence also establishes that law enforcement officials in St. Louis City and St. Louis County were authorized to use smoke canisters and tear gas to disperse crowds of protesters, including plaintiffs, who were not  engaged in violent or criminal activity. The evidence also establishes that the law enforcement officials failed to give the plaintiffs and other protesters any warning that chemical agents would be deployed and, hence, no opportunity to avoid injury.  As a result, the plaintiffs' ability to engage in lawful speech and assembly is encumbered by a law enforcement response that would be used if a crime were being committed.  Additionally, the public has a strong

interest in protecting the right of individuals to peacefully protest. The defendants will not suffer any harm by the issuance of an order requiring them to make sure the constitutional rights of the plaintiffs and others are protected.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the plaintiffs for a temporary restraining order [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that defendants Sam Dotson, Jon Belmar, and Ronald Johnson, and their agents, servants, employees, and representatives, are hereby enjoined from enforcing any rule, policy, or practice that grants law enforcement officials the authority or discretion to:

(1) utilize tear gas, inert smoke, pepper gas, or other chemical agents (collectively, "chemical agents") for the purpose of dispersing groups of individuals who are engaged in peaceful, non-criminal activity in the City of St. Louis or in the County of St. Louis

  (a) without first issuing clear and unambiguous warnings that such chemical agents will be utilized;

  (b) without providing the individuals sufficient opportunity to heed the warnings and exit the area;

  (c) without minimizing the impact of such chemical agents on individuals who are complying with lawful law enforcement commands; and

  (d) without ensuring that there is a means of safe egress from the area that is available to the individuals; and

(2) utilize chemical agents on individuals engaged in peaceful, non-criminal activity in the City of St. Louis or in the County of St. Louis for the purpose of frightening them or punishing them for exercising their constitutional rights.

**IT IS FURTHER ORDERED** that the plaintiffs will not be required to post a bond or other security.

**IT IS FURTHER ORDERED** that this matter is set for a preliminary injunction hearing on **Tuesday, January 6, 2015, at 9:30 a.m.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2014.