UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TEMPLETON, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 4:14CV02019CEJ |
| DOTSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANT JOHNSON'S MOTION TO DISMISS</u>**

Defendant Ronald Johnson, by and through counsel, hereby submits this Memorandum in Support of his Motion to Dismiss.

## I. Introduction

Plaintiffs sued Defendant Johnson, Defendant Dotson, and Defendant Belmar in their official capacities as co-directors of the Unified Command created by Executive Order 14-14. (Doc. 1, ¶22). Plaintiffs' Complaint asserts that all actions complained of were taken by "police acting under authority of the Unified Command." (Doc. 1, ¶¶ 4,6). This Court issued a Temporary Restraining Order ("TRO") on December 11, 2014 enjoining Defendants Johnson, Dotson, and Belmar from taking certain future actions. (Doc. 12, p. 3).

1

As the Unified Command is not a legally cognizable entity capable of suing and being sued, and the executive order creating the Unified Command has expired, this Court must: 1) dismiss the complaint for failure to state a claim; 2) dismiss Plaintiffs' complaint for lack of subject matter jurisdiction, and 3) vacate the TRO issued December 11, 2014.

## II. Standard of Review

In order to survive a Rule 12(b)(6) motion to dismiss,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

## III. Argument

### A. Failure to state a claim

This Court should dismiss Plaintiffs' Complaint against Defendant Johnson because he, Defendant Dotson, and Defendant Belmar are sued in

2

their official capacities as co-directors of the Unified Command and that all actions complained of were taken by police acting under authority of the Unified Command, which is not a suable entity. The Unified Command was created by Executive Order 14-14 issued on November 17, 2014. (Doc. 19-1). Nowhere in Executive Order 14-14 is the Unified Command acknowledged as a legally cognizable entity capable of suing and being sued according to Fed. Rule Civ. Pro. 17(b). Nor does RSMo §§ 44.010 through 44.130, referenced as authority for Executive Order 14-14, render the Unified Command a legally cognizable entity capable of suing or being sued. Without such legal capacity to be sued, Defendant Johnson cannot properly be sued in his official capacity as co-director of the United Command and thus the Court should dismiss Plaintiffs' Complaint for failure to state a claim.

**B. Lack of subject matter jurisdiction**

This Court is constrained from addressing any issues presented by moot cases. Because a moot case is not a case or controversy within the meaning of Article III of the United States Constitution, the mootness question is jurisdictional. *State of S.D. v. Hazen*, 914 F.2d 147, 149 (8th Cir. 1990) (citing *North Carolina v. Rice,* 404 U.S. 244, 246 (1971)).

As Executive Order 14-14 expired thirty days from November 17, 2014 (not having been "extended in whole or in part by subsequent Executive Order" (Doc. 19-1)), Plaintiffs' Complaint, seeking injunctive relief arising

3

solely out of acts committed under the authority of the Unified Command, is moot.

Similarly, with regard to the TRO, as the executive order has expired, the Unified Command is dissolved. As the Unified Command is dissolved, the TRO entered as a result of actions taken by defendants as members of the Unified Command is moot. Any further opinion issued by this Court would be improper as "an advisory opinion where nothing [this Court] might say would affect the rights of the parties *in this case*." *Hazen*, 914 F.2d at 150 (citation omitted) (emphasis in original).

The only exception to the mootness doctrine is for cases "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC*, 219 U.S.498 (1911)." *Hazen*, 914 F.2d at 150. To apply the exception this Court must find a reasonable expectation that Plaintiffs will be subjected to the same action again. *See, Weinstein v. Bradford*, 423 U.S. 147 (1975).

No evidence at hearing supported that the Missouri Highway Patrol was involved in any of the events complained of by Plaintiffs. The incidents and surrounding circumstances described in the complaint are related to two specific, highly unusual events, i.e. the shooting of Michael Brown and the announcement of the grand jury decision. The conduct at issue occurred close in time to those incidents. Plaintiffs' suggestion that they will be subject to those actions again is purely speculative, especially when applied to the

Missouri Highway Patrol, as it had not been identified as being involved in the events that have already occurred. "Injunctive relief will not be granted against something merely feared as liable to occur at some indefinite time; the party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a 'clear and present' need for equitable relief to prevent irreparable harm." *Packard Elevator v. I.C.C.,* 782 F.2d 112, 115 (8th Cir. 1986) (emphasis in original) (citations omitted).

WHEREFORE, Defendant Ronald Johnson respectfully requests this Court dismiss Plaintiffs' complaint against him, vacate the Temporary Restraining Order, and award any additional relief deemed just and proper.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Robert J. Isaacson*
Robert J. Isaacson, #38361
Colleen Joern Vetter #38353
Assistant Attorneys General
P.O. Box 861
St. Louis, Missouri 63188
(314) 340-7861 (Telephone)
(314) 340-7029 (Facsimile)
*Attorneys for Ronald Johnson*

5

# CERTIFICATE OF SERVICE

  I certify that on this 31 day of December, 2014, I electronically filed the foregoing with the clerk of this Court by using the CM/ECF system, to be served by operation of the Court's electronic filing system, to the following:

Thomas B. Harvey
7751 Carondelet
Suite 201
Clayton, MO 63105
*Attorney for Plaintiffs*

Brendan D. Roediger
ST. LOUIS UNIVERSITY
SCHOOL OF LAW
100 N. Tucker Blvd.
St. Louis, MO 63101
*Attorney for Plaintiffs*

Denise D. Lieberman
ADVANCEMENT PROJECT
1220 L. Street NW
Suite 850
Washington, DC 20005
*Attorney for Plaintiffs*

Christine L. Hodzic
ST. LOUIS CITY COUNSELOR
1200 Market St.
314 City Hall
St. Louis, MO 63103
*Attorney for Defendant Dotson*

Mark Lawson
ST. LOUIS METROPOLITAN
POLICE DEPARTMENT
1200 Clark St.
Room 609
St. Louis, MO 63103
*Attorney for Defendant Dotson*

J. Brent Dulle
ST. LOUIS CITY COUNSELOR'S
OFFICE
1200 Market St. Room 314
St. Louis, MO  63103
*Attorney for Defendant Dotson*

Michael E. Hughes
ST. LOUIS COUNTY
COUNSELOR'S OFFICE
41S. Central Ave.
Clayton, MO  63105
*Attorney for Defendant Belmar*

Michael A. Shuman
ST. LOUIS COUNTY
COUNSELOR'S OFFICE
41 S. Central Ave.
Clayton, MO  63105
*Attorney for Defendant Belmar*

*/s/ Colleen Joern Vetter*
Assistant Attorney General