UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXIS TEMPLETON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-2019 (CEJ) |
| | ) |
| SAM DOTSON, CHIEF OF POLICE, | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the court is the motion of defendant Jon Belmar for expedited discovery. The defendant seeks to take the deposition of three of the plaintiffs and two non-parties in advance of the preliminary injunction hearing on January 6, 2015. Also before the court is the related motion of the plaintiffs to quash the deposition notices served by defendant Belmar.

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that a party may not seek discovery from any source before the parties have met and conferred, unless "authorized by these rules, by stipulation, or by court order." In determining whether a party is entitled to expedited discovery, this district utilizes a "good cause" standard. See Meritain Health, Inc. v. Express Scripts, Inc., 2012 WL 1320147 (E.D. Mo. 2012) [*citing* Cook v. Williams, 2009 WL 3246877 *1 (E.D. Mo. 2009) and Monsanto Company v. Woods, 250 F.R.D. 411 (E.D. Mo. 2008)]. Under that standard, the party seeking discovery is required to show that the need for expedited discovery outweighs the prejudice to the responding party. Id. (citations omitted).

In this case, defendant Belmar seeks expedited discovery to prepare for the preliminary injunction hearing. In this context, the court considers the reasonableness of the request, taking into account the breadth of the requested discovery, the purpose of the requested discovery, and the burden that would be imposed on the plaintiffs to comply with the discovery requests. Id. at *2.

Unlike the plaintiffs seeking expedited discovery in Meritain, defendant Belmar has not identified the information he seeks to obtain through the depositions nor does he explain how the information is necessary to preparing for the preliminary injunction hearing. Instead, the defendant merely states in conclusory fashion that there is "good cause" for expedited discovery. Because the defendant has failed to sufficiently support his request, the court cannot find that expedited discovery is appropriate in this case. Consequently, the notices of deposition will be quashed.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Jon Belmar for expedited discovery [Doc. # 23] is **denied**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to quash deposition notices [Doc. # 22] is **granted**.

                                                                              _____
                                                                              CAROL E. JACKSON
                                                                              UNITED STATES DISTRICT JUDGE

Dated this 5th day of January, 2015.