IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXIS TEMPLETON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Cause No. 4:14cv-2019 CEJ |
| v. | ) |
| | ) |
| SAM DOTSON, | ) |
| | ) |
| Defendants. | ) |

ANSWER OF DEFENDANT  JON BELMAR

COMES NOW Defendant Jon Belmar, and for his responsive pleading to the Complaint, answers as follows:

*Responses to the statements made in the Preliminary Statement.*

1. Paragraph 1 does not contain an allegation against this Defendant that can be admitted or denied.

2. Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraphs 2 and 3, and so DENIES them.

3. Defendant DENIES the allegations of Paragraph 4.

4. Paragraph 5 does not contain an allegation against this Defendant that can be admitted or denied.

5. Defendant DENIES the allegations of Paragraph 6.

6. Paragraph 7 does not contain an allegation against this Defendant that can be admitted or denied.

8. Defendant DENIES the allegations of Paragraph 8.

*Responses to the statements of jurisdiction and venue.*

9.  Defendant ADMITS the statements made in Paragraphs 9 through 12.

*Responses to the statements identifying the parties.*

10.  Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraphs 13 through 18, and so DENIES them.

11.  Defendant admits the description of Sam Dotson in Paragraph 19 as Chief of the City of St. Louis Police Department, but because Executive Order 14-14 has expired, DENIES that Defendant Dotson has co-direction the now-terminated Unified Command and that he and the Unified Command has oversight of law enforcement responses to demonstrations.

12.  Defendant admits the description of Defendant Belmar in Paragraph 20 as Chief of the St. Louis County Police Department, but because Executive Order 14-14 has expired, DENIES that Defendant Belmar has co-direction the now-terminated Unified Command and that he and the Unified Command has oversight of law enforcement responses to demonstrations.

13.  Defendant admits the description of Capt. Ronald Johnson in Paragraph 21 as a captain in the Missouri State Highway Patrol, but because Executive Order 14-14 has expired, DENIES that Defendant Johnson has co-direction the now-terminated Unified Command and that he and the Unified Command has oversight of law enforcement responses to demonstrations.

14.  Defendant DENIES the allegations of Paragraph 22.

*Allegations as to Facts.*

15.  Paragraphs 23 through 27 are not allegations against Defendant Belmar that he can admit or deny.

16. Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraphs 28 through 31, and so DENIES them.

17. Paragraph 32 is not an allegation against Defendant Belmar that he can admit or deny.

18. Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraphs 33 and 34, and so DENIES them.

19. Defendant DENIES the allegations of Paragraph 35.

20. Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 36, and so DENIES them.

21. Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraphs 37 through 45, and so DENIES them.  Further answering, these paragraphs allege the occurrences of events in the City of St. Louis, and so Defendant Belmar cannot otherwise admit or deny them, as not directed against him.

22. Defendant DENIES the allegations of Paragraph 46.

23. Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraphs 47 and 48, and so DENIES them.  Further answering, these paragraphs allege the occurrences of events in the City of St. Louis, and so Defendant Belmar cannot otherwise admit or deny them, as not directed against him.

24. Defendant DENIES the allegations of Paragraph 49.

25. Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraphs 50 through 61, and so DENIES them.

26. Defendant DENIES the allegations of Paragraphs 62 through 64.

27. Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraphs 65 through 67, and so DENIES them.  Further answering, these paragraphs allege the occurrences of events in the City of St. Louis, and so Defendant Belmar cannot otherwise admit or deny them, as not directed against him.

28. Defendant DENIES the allegations of Paragraph 68.

29. Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 69, and so DENIES them.

30. Defendant DENIES the allegations of Paragraphs 70 through 77.

*Count I – First Amendment*

31. Defendant repeats his responsive pleadings made in reply to Paragraphs 1 through 76.

32. Defendant DENIES the allegations of Paragraphs 79-82.

33. AFFIRMATIVE DEFENSES TO COUNT I

   a) Count I fails to state a claim upon which relief can be granted.

   b) Tear gas or other chemical agents were deployed by Defendant Belmar only when there was a clear and present danger of riot, disorder, interference with traffic upon the public streets, or other immediate threat to public safety, peace, or order, and the intent to deter speech and speech-related conduct was not a substantial or motivating factor in the decision to deploy same.

*Count II – Fourth Amendment*

34. Defendant repeats his responsive pleadings made in reply to Paragraphs 1 through 82.

35. Defendant DENIES the allegations of Paragraphs 84 through 88.

36. AFFIRMATIVE DEFENSES TO COUNT II

a) Count II fails to state a claim upon which relief can be granted.

b) The force used by Defendant Belmar was reasonable under the totality of the circumstances because it was used for the purpose of preventing or stopping criminal activity and harm to the public by large numbers of persons.

WHEREFORE, Defendant Belmar asks that the Complaint be dismissed as to him, and for such other relief as the Court deems appropriate in the circumstances.

|  |  |
|---|---|
|  | PETER J. KRANE<br>COUNTY COUNSELOR |
| By: | _____s/s__Michael A. Shuman__<br>Michael A. Shuman #MO32418<br>Associate County Counselor<br>and<br>Michael E. Hughes #MO23360<br>Lawrence K. Roos Bldg.<br>41 So. Central Avenue<br>Clayton, MO. 63105<br>314-615-7042; Fax 314-615-3732<br>Mshuman@stlouisco.com |