UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TEMPLETON, et al , ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Cause No. 4:14CV02019CEJ |
| DOTSON, et al ) | |
| ) | |
| Defendants. ) | |

# DEFENDANT RONALD JOHNSON'S ANSWER
# TO PLAINTIFFS' COMPLAINT

Defendant Ronald Johnson, by and through counsel, hereby answers Plaintiffs' Amended Complaint as follows:

1.  Defendant neither admits nor denies the allegations contained in paragraph 1 as they constitute the legal conclusions of Plaintiffs.  To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 1.

2.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, denies the same.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, denies the same.

4. Defendant denies the allegations contained in paragraph 4.

5. Defendant admits that tear gas is a chemical agent and can cause the effects contained in the second sentence of paragraph 5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 and, therefore, denies the same.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant neither admits nor denies the allegations contained in paragraph 7 as they constitute the legal conclusions of Plaintiffs.  To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant neither admits nor denies the allegations contained in paragraph 9 as they constitute the legal conclusions of Plaintiffs.  To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 9.

10. Defendant neither admits nor denies the allegations contained in paragraph 10 as they constitute the legal conclusions of Plaintiffs.  To the

extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 10.

11. Defendant neither admits nor denies the allegations contained in paragraph 11 as they constitute the legal conclusions of Plaintiffs. To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 11.

12. Defendant neither admits nor denies the allegations contained in paragraph 12 as they constitute the legal conclusions of Plaintiffs. To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, denies the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, therefore, denies the same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, denies the same.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, denies the same.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, therefore, denies the same.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, therefore, denies the same.

19.     Defendant admits the allegations contained in the first sentence of paragraph 19. Defendant denies the remaining allegations contained in paragraph 19.

20.     Defendant admits the allegations contained in the first sentence of paragraph 20. Defendant denies the remaining allegations contained in paragraph 20.

21.     Defendant admits that he is a Captain in the Missouri Highway Patrol. Defendant denies the remaining allegations contained in paragraph 21.

22.     Defendant neither admits nor denies the allegations contained in paragraph 22 as they constitute the legal conclusions of Plaintiffs.  To the

extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 22.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and, therefore, denies the same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and, therefore, denies the same.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and, therefore, denies the same.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and, therefore, denies the same.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and, therefore, denies the same.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and, therefore, denies the same.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and, therefore, denies the same.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and, therefore, denies the same.

31. Defendant admits meetings occurred among community members regarding demonstrations following announcement of the Grand Jury's decision. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 31 and, therefore, denies the same. Defendant denies the remaining allegations contained in paragraph 31.

32. Defendants admit that St. Louis County Prosecutor Robert McCulloch on November 24, 2014 after 8:00 P.M. announced that the St. Louis County Grand Jury did not indict Darren Wilson with regard to the death of Michael Brown. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 and, therefore, denies the same.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and, therefore, denies the same.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and, therefore, denies the same.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and, therefore, denies the same.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and, therefore, denies the same.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and, therefore, denies the same.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and, therefore, denies the same.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and, therefore, denies the same.

41. Defendant denies the allegations contained in the first sentence of paragraph 41. Defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 41 and, therefore, denies the same.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and, therefore, denies the same.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and, therefore, denies the same.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and, therefore, denies the same.

45. Defendant denies the Highway Patrol was involved in any of the activities referenced in paragraph 45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 and, therefore, denies the same.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and, therefore, denies the same.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and, therefore, denies the same.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 and, therefore, denies the same.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and, therefore, denies the same.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and, therefore, denies the same.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 and, therefore, denies the same.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 and, therefore, denies the same.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and, therefore, denies the same.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and, therefore, denies the same.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and, therefore, denies the same.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and, therefore, denies the same.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and, therefore, denies the same.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and, therefore, denies the same.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 and, therefore, denies the same.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 and, therefore, denies the same.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 and, therefore, denies the same.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 and, therefore, denies the same.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 and, therefore, denies the same.

66. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 and, therefore, denies the same.

67. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 and, therefore, denies the same.

68. Defendant denies the allegations contained in paragraph 68.

69. Defendant denies the allegations contained in the third sentence of paragraph 69. Defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 69 and, therefore, denies the same.

70. Defendant denies the allegations contained in paragraph 70.

71. Defendant denies the allegations contained in the first sentence of paragraph 71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71 and, therefore, denies the same.

72. Defendant denies the allegations contained in paragraph 72.

73. Defendant denies the allegations contained in paragraph 73.

74. Defendant denies the allegations contained in paragraph 74.

75. Defendant denies the allegations contained in paragraph 75.

76. Defendant denies the allegations contained in paragraph 76.

77. Defendant denies the allegations contained in paragraph 77.

## COUNT I

78. Defendant restates and incorporates by reference his answers to the allegations contained in paragraphs 1 through 77 as if fully set forth herein.

79. Defendant denies the allegations contained in paragraph 79.

80. Defendant denies the allegations contained in paragraph 80.

81. Defendant denies the allegations contained in paragraph 81.

82. Defendant denies the allegations contained in paragraph 82.

WHEREFORE, Defendant Ronald Johnson, having fully answered the allegations contained in Count I of Plaintiffs' Complaint, requests that the Court dismiss Count I with prejudice, assess costs against Plaintiffs, and grant such other relief as this Court deems just and proper.

## COUNT II

83. Defendant realleges and incorporates by reference, as if fully set forth herein, his answers to paragraphs 1-77.

84. Defendant denies the allegations contained in paragraph 84.

85. Defendant denies the allegations contained in paragraph 85.

86. Defendant denies the allegations contained in paragraph 86.

87. Defendant denies the allegations contained in paragraph 87.

88. Defendant denies the allegations contained in paragraph 88.

WHEREFORE, Defendant Ronald Johnson, having fully answered the allegations contained in Count II of Plaintiffs' Complaint, requests that the Court dismiss Count II with prejudice, assess costs against Plaintiffs, and grant such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Robert J. Isaacson*
Robert J. Isaacson, #38361
Colleen Joern Vetter #38353
Assistant Attorney General
P.O. Box 861
St. Louis, Missouri  63188
(314) 340-7861 (Telephone)
(314) 340-7029 (Facsimile)
*Attorneys for Ronald Johnson*

## CERTIFICATE OF SERVICE

I certify that on this 27 day of January, 2015, I electronically filed the foregoing with the clerk of this Court by using the CM/ECF system, to be served by operation of the Court's electronic filing system, to the following:

Thomas B. Harvey
7751 Carondelet
Suite 201
Clayton, MO  63105
*Attorney for Plaintiffs*

Brendan D. Roediger
ST. LOUIS UNIVERSITY
SCHOOL OF LAW
100 N. Tucker Blvd.
St. Louis, MO  63101
*Attorney for Plaintiffs*

Denise D. Lieberman
ADVANCEMENT PROJECT
1220 L. Street NW
Suite 850
Washington, DC  20005

*Attorney for Plaintiffs*

Christine L. Hodzic
ST. LOUIS CITY COUNSELOR
1200 Market St.
314 City Hall
St. Louis, MO  63103
*Attorney for Defendant Dotson*

Mark Lawson
ST. LOUIS METROPOLITAN
POLICE DEPARTMENT
1200 Clark St.
Room 609
St. Louis, MO  63103
*Attorney for Defendant Dotson*

J. Brent Dulle
ST. LOUIS CITY COUNSELOR'S
OFFICE
1200 Market St. Room 314
St. Louis, MO  63103
*Attorney for Defendant Dotson*

Michael E. Hughes
ST. LOUIS COUNTY
COUNSELOR'S OFFICE
41S. Central Ave.
Clayton, MO  63105
*Attorney for Defendant Belmar*

Michael A. Shuman
ST. LOUIS COUNTY
COUNSELOR'S OFFICE
41 S. Central Ave.
Clayton, MO  63105
*Attorney for Defendant Belmar*

                                                       */s/ Robert J. Isaacson*
                                                       Assistant Attorney General